UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELCHESTER PHILLIPS Jr., <br><br> Plaintiff, <br><br> v. <br><br> PATRICIA AIKEN, et al., <br><br> Defendants. | Case No.  C11-05238RBL/JRC <br><br> REPORT AND RECOMMENDATION TO DENY IN FORMA PAUPERIS STATUS, DISMISS THE ACTION WITHOUT PREJUDICE <br><br> **NOTED FOR**: <br> April 29, 2011 |

This civil rights action filed pursuant to 42 U.S.C. § 1983 has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Before the court is a motion to proceed in forma pauperis (ECF No. 1). Because the underlying action changes the length of plaintiff's sentence and the amount of time he will be in custody it cannot proceed as a civil rights action.  The court recommends in forma pauperis status be denied and this action be DISMISSED WITHOUT PREJUDICE.

REPORT AND RECOMMENDATION- 1

Plaintiff challenges the length of two sentences and his offender score at sentencing (ECF No. 1, proposed complaint).  He asks the court to vacate the sentences and for monetary damages.  He is clearly challenging the length or duration of his confinement.

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Here, plaintiff is challenging the length of time he has and will serve.  He does not show that the state courts have addressed his claim or granted him relief.  The allegations cannot be considered because they challenge the fact or duration of confinement.

A district court has wide discretion in deciding whether to grant an inmate the privilege of proceeding in forma pauperis.  Here the action cannot proceed and should be dismissed prior to a grant of in forma pauperis status.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P.

REPORT AND RECOMMENDATION- 2

6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. See, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 29, 2011 as noted in the caption.

Dated this 31st day of March, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3